## GARCIA v. UNITED STATES.

(Circuit Court of Appeals, First Circuit.
January 5, 1926.)

No. 1659.

1. **Criminal law** ⟐1132—**Delay in having cause heard on appeal held inexcusable.**

Where, as result of various stipulations, appeal from conviction under Penal Code, § 194 (Comp. St. Ann. Supp. 1919, § 10364), for unlawfully possessing property stolen from the mails, was unheard for two years after cause was docketed, delay *held* inexcusable.

2. **Receiving stolen goods** ⟐8(3)—**Evidence held to warrant conviction for possessing property known to have been stolen from mails.**

Evidence *held* to warrant conviction under Penal Code, § 194 (Comp. St. § 10364), for possessing stock certificate known to have been stolen from the mails.

3. **Criminal law** ⟐1186(4)—**Where evidence plainly warranted conviction, reversal would only be warranted for serious error in charging jury.**

Where evidence plainly warranted conviction of possessing property with knowledge that it was stolen from the mails, only plain and serious error in charging jury would warrant reversal, under Act Feb. 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246).

In Error to the District Court of the United States for the District of Porto Rico; Arthur F. Odlin, Judge.

Arturo Garcia was convicted of unlawfully possessing property, knowing that it had been stolen from the United States mails, and he brings error. Affirmed.

Hugh R. Francis, of San Juan, Porto Rico, for plaintiff in error.

John L. Gay and Burton G. Henson, both of San Juan, Porto Rico, for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. [1] Garcia was convicted in the District Court of the United States for the District of Porto Rico, under section 194 of the Penal Code (Comp. St. Ann. Supp. 1919, § 10364), of having, unlawfully, in his possession a certain stock certificate, knowing that it had been stolen from the United States mail. The trial was in January, 1923. A motion for a new trial was overruled on February 17, 1923; and on March 3, 1923, Garcia was sentenced to two years in the penitentiary at Atlanta, and to pay the costs of trial.

On Garcia's writ of error, the case was submitted to this court on November 13, 1925.

This extraordinary delay calls for disapproving comment. The bill of exceptions was allowed by Judge Odlin, without unreasonable delay, on June 29, 1923. The case was docketed in this court on August 31, 1923; but no deposit for printing was made until November 25, 1924. Thereafter, as a result of various stipulations between Garcia's counsel and the United States attorney or the Department of Justice, the case remained unheard, and without brief for Garcia until November 13, 1925, when it was submitted to this court on printed briefs. The case should have been heard and disposed of as a part of the October list, 1923. During this period of two years, no motion was made to dismiss for want of prosecution, or otherwise to request this court to bring the case to an end. Such delay in a plain and simple case is without warrant or excuse.

[2] Turning, now, to the alleged errors, they relate entirely to the charge to the jury. There was evidence tending to show that on June 9, 1922, one Schmidt, owning a certificate for five shares ($100 par) of the stock of the South Porto Rico Sugar Company, placed this certificate in a registered letter for transmission to New York City; that the letter was mailed at Ensenada, P. R. There was evidence tracing it in the mail compartment of the railway car as far as Arguidilla; that at that point the railway clerk locked the car and went to the dining room in the station for lunch; that on his return the registered jacket containing this stock certificate was missing. Garcia had at one time been employed as a railway postal clerk. There was evidence that four keys of railway mail cars were missing; that Garcia was frequently seen around the station at Arguidilla; that on or before his arrest Garcia admitted the possession of the certificate, but claimed that it was given to him by a young man named Kortright, a post office clerk in the registry division. Kortright testified that he had known Garcia for over five years; he denied ever seeing the certificate, or knowing anything about it. Frazer, an attorney at law, testified that he had known Garcia a long time; that he had bought the certificate from Garcia for $200; that Garcia told him that the certificate belonged to Schmidt; and that he was selling it for Schmidt, because Schmidt was broke.

Garcia took the stand, admitted having sold the certificate to Frazer, but denied that he had ever stated that Kortright had given him the certificate, or that he was acting as Schmidt's agent in selling it. He testified

that he won the certificate from a stranger while gambling in a casino in Arguidilla; he gave no names of any of the parties present at the card game.

[3] The gist of the case was credibility. The jury obviously did not believe Garcia's story. Only a very plain and serious error in directing the jury would warrant an appellate court in reversing a judgment grounded on evidence so plainly warranting a verdict of guilty.

The case falls under the Statute of 1919, c. 48, 40 Stat. 1181 (Comp. St. Ann. Supp. 1919, § 1246).

The defendant's exceptions all relate to alleged errors of the court in instructing the jury. We find it unnecessary to state the assignments in detail and review them. It is enough to say, generally, that the charge was full and impartial. The court expressly and repeatedly, in various forms of words, told the jury that they were the exclusive judges of the weight of testimony and the credibility of witnesses. There was in the charge no biased comment on any part of the testimony.

The exceptions are frivolous, and obviously intended merely for delay.

The judgment of the District Court is affirmed.