JAMES EARL HOWARD *v.* STATE OF MARYLAND

[No. 4, Initial Term, 1967.]

380

Decided June 5, 1967.

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and DYER, J., Associate Judge of the Third Judicial District, specially assigned.

*Alan J. Karlin* for appellant.

*Donald Needle, Assistant Attorney General,* with whom were *Thomas B. Finan, former Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Samuel Peregoff, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

DYER, J., delivered the opinion of the Court.

The Appellant, James Earl Howard, was convicted in the Criminal Court of Baltimore, in a non-jury trial, of receiving stolen goods and sentenced to four years in the Maryland Correctional Institution.

It appears that the prosecuting witness left her home for work at approximately 5:30 a.m. on September 8, 1965. Upon her return at 2:45 p.m., she found that her house had been entered by ripping off the screen of her front screen door (both

inner doors were unlocked) and that a stereo tape recorder, AM-FM portable radio, portable tape recorder, and a white jacket had been removed from the front bedroom.

The investigating officer testified that as a result of information received from the prosecuting witness that the Appellant had been seen at her home the preceding day knocking on her door and looking in the window, he talked with the Appellant on the street corner at about 9:45 p.m. on the evening of September 8th. The Appellant admitted having been on the premises the previous day, but denied any knowledge of the articles taken therefrom. When reminded by the officer that the missing articles had been sent home by a soldier serving in Viet Nam, the Appellant stated that, although he had nothing to do with breaking into the home, he had received the stolen articles from the individuals who had taken them. He said he received them in an alley behind the house from which they were taken, sold the tape recorder and radio to a Mr. Ashby and gave the coat to a girl. He told the officer where the articles could be found and all the articles except the coat were recovered. The girl to whom he said he had given the coat denied ever having received it.

At the trial, the Appellant admitted that when first questioned by the officer he denied any knowledge of the missing articles. He further testified that when the officer enumerated the articles taken, "I told him I knew where they was at." He knew where they were located, he added, because he had been confronted with "associates" of his who had the articles in their possession and had asked him where they could dispose of them.

The prosecuting witness testified, in rebuttal, that she talked with the Appellant after the preliminary hearing and he told her "that he didn't actually go into her house but he knew the boys who did"; and that "he was out in the back of the alley".

The four elements necessary to constitute the offense of receiving stolen goods are (1) receiving, (2) stolen property, (3) with knowledge that it is stolen, and (4) with fraudulent intent. *Jordan v. State,* 219 Md. 36, 43 (1959).

The Appellant contends that there is no evidence that the crime of receiving stolen goods was committed. He concedes that the trial judge had the right to believe the officer's testi-

mony with regard to the Appellant's statement to him, rather than believe the Appellant's denial that any such statement was given. However, he apparently argues that the statement to the officer was uncorroborated and, standing alone, was not sufficient evidence to sustain a conviction.

It is true that an extrajudicial confession or admission of guilt by an accused, standing alone, is insufficient to prove that a crime was committed by the accused. However, as the Court of Appeals of Maryland stated in *Bradbury v. State*, 233 Md. 421, 425 (1964): "* * * the independent evidence necessary to support the confession need not be 'full and positive' proof of the *corpus delicti* and may be small in amount, if such proof, when considered with the confession, convinces the jury beyond a reasonable doubt of the guilt of the accused."

Here the trial court had before it, in addition to the Appellant's statement to the police officer, evidence that the goods were stolen; that the Appellant advised the police where the goods were located and assisted in their recovery; that he knew who had stolen them; his statement to the prosecuting witness that he was in the alley behind her home, and the fact that he was on the premises the previous day.

This court cannot reverse a judgment of the lower court unless it is shown that there was no legally sufficient evidence, or proper inferences therefrom, from which that court could find the accused guilty beyond a reasonable doubt. *Duffy v. State*, 243 Md. 425; *Jones v. State*, 242 Md. 323; *McCray v. State*, 236 Md. 9. There has been no such showing in this case and we certainly cannot say that the judgment of the lower court was clearly erroneous. Maryland Rule 1086. *Tucker v. State*, 244 Md. 488; *Walters v. State*, 242 Md. 235.

The Appellant also contends that he was not adequately represented at the trial. He asserts that his counsel should have objected to "vital hearsay evidence" and that he should have raised the question of illegal arrest for "if the arrest was unlawful, as the Appellant contends, then the 'admission' as a result of the arrest was illegally obtained, and should not have been used against him." Since the competency of his counsel was not raised below, it is not properly before us. Maryland Rule 1085; *Brown v. State*, 237 Md. 492.

Even if it were properly before us, we could not say on this record that there is any merit to his contention. He does not specify what vital hearsay evidence was improperly admitted; and even if it be assumed, *arguendo,* that the arrest were shown to be illegal, this would not, in itself, make the Appellant's "admission" inadmissible. *McChan v. State,* 238 Md. 149; *Mefford and Blackburn v. State,* 235 Md. 497.

*Judgment affirmed.*