JESSIE J. DUNLAP *v.* STATE OF MARYLAND

[No. 194, Initial Term, 1967.]

*Decided June 26, 1967.*

The cause was submitted to ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and RUSSELL, J., Associate Judge of the Eighth Judicial Circuit, specially assigned.

*Benjamin L. Brown* for appellant.

*Dickee Howard, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, James R. Klein, Assistant Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *James F. Garrity, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Appellant was convicted by the court sitting without a jury of attempted robbery with a dangerous and deadly weapon and assault. Sentenced to ten years imprisonment, appellant contends on this appeal that the evidence was insufficient to sustain his conviction.

The evidence adduced at the trial showed that on February 19, 1966, at approximately 11:15 a.m., Edward Mintz, a cab driver, picked up appellant who asked to go to the 1700 block of Lexington Street. Upon arrival there, Mintz stopped his cab at which time appellant said "This is it, holdup," simultaneously brandishing a gun. Mintz jumped on appellant and wrestled the gun from his hand. The police then arrived on the scene and arrested appellant.

Appellant testified that he had been drinking at the time of the incident; that he lived at 1732 W. Lexington Street; that upon arriving in the 1700 block of Lexington Street and seeing his house, he told the driver "Hold it, this is it." Appellant testified that he reached into his pocket to get his change and found it necesasry to remove his pistol from his pocket to do so; and that Mintz attacked him under these circumstances.

The test of the sufficiency of the evidence in a case tried before the court without a jury, when reviewed in this court, is whether the evidence, if believed, either shows directly or sup-

ports a rational inference of the facts to be proved, from which the court could fairly be convinced, beyond a reasonable doubt, of defendant's guilt of the offense charged. *Levin v. State,* 1 Md. App. 139; *O'Brien v. State,* 1 Md. App. 94; *Hutchinson v. State,* 1 Md. App. 362. We have no difficulty in concluding that there was relevant evidence adduced at the trial which would properly sustain a finding of appellant's guilt. The weight of the evidence and the credibility of the witnesses are matters for the trier of facts to determine. The trial judge was, of course, under no obligation to believe the exculpatory testimony of the appellant. *Chittum v. State,* 1 Md. App. 205.

In *Burks v. State,* 1 Md. App. 81, we held that an assault count in an indictment merges into the armed robbery count since the assault necessarily involves the armed robbery, the facts necessary to prove the assault being essential ingredients in establishing the greater offense of armed robbery. In the instant case, we find the conviction on the assault count to be in error since it merged with the count charging attempted robbery with a dangerous and deadly weapon. Since a general sentence of ten years was imposed on appellant, and since this is less than the maximum of twenty years authorized by the statute (Code, Article 27, Section 488 (1967 Repl. Vol.)), our reversal on the assault count does not mean that the sentence has to be disturbed. *Gatewood v. State,* 244 Md. 609; *Tucker v. State,* 237 Md. 422.

> *Judgment affirmed as to the first count (attempted robbery with a dangerous and deadly weapon) and reversed as to the third count (assault). Case remanded for entry of judgment of not guilty as to third count.*