## HERMAN HARRIS v. STATE OF MARYLAND

[No. 15, September Term, 1967.]

*Decided November 13, 1967.*

Appeal from the Criminal Court of Baltimore (BYRNES, J.).

Herman Harris was convicted in a non-jury trial of warehouse breaking with intent to steal goods of the value of $100 and upwards, and, from the judgment entered thereon, he appeals.

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*John D. Hackett* for appellant.

*Edward L. Blanton, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Joseph Raymond, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

The only contention raised on this appeal from a conviction by the Criminal Court of Baltimore of warehouse breaking with intent to steal goods of the value of $100 and upwards and a sentence of four years imposed by Judge Joseph R. Byrnes is that the representation afforded the appellant by his counsel at the trial below was so inadequate as to "violate Appellant's Constitutional rights."

"This Court will not ordinarily decide any point or question which does not plainly appear by the record to have been tried and decided by the lower court * * *." Md. Rule, 1085. The appellant did not raise the question of the incompetency or inadequacy of his counsel before the lower court and it cannot be raised here for the first time. *Sherrod v. State,* 1 Md. App. 433; *Howard v. State,* 1 Md. App. 379; *Charles v. State,* 1 Md. App. 222. While an accused must be afforded genuine and effective representation going to the fundamental fairness of the trial (*Miller v. State,* 1 Md. App. 653), we find nothing in the provisions of Rule 1085 to justify review by this Court, on the present state of the record, of the allegation that counsel was inadequate or incompetent. Our holding does not preclude the appellant from raising the point in other proceedings available to him. We do not feel that any rights of the appellant are violated by our not now entertaining the point and, on the contrary, think that there is a concept of fundamental fairness thereby preserved. If we were to consider the point now, counsel, whose professional ability and integrity are impugned, would be afforded no opportunity to be heard.

We note that the appellant and a co-defendant were apprehended on the roof of the warehouse about 10:30 P.M. when

police answered a "silent burglar alarm." There was a hole in the roof and beside it an ax, a lug wrench and gloves. Two other men were apprehended inside the building and a desk had been ransacked. The appellant chose not to explain his presence but his companion on the roof claimed to be an artist and said he had gone on the roof with the appellant to gain inspiration from the night sky. It would have taken a legal Houdini to have extricated the appellant from his difficulties.

*Judgment affirmed.*