WADDELL LUCAS *v.* STATE OF MARYLAND

[No. 59, September Term, 1967.]

*Decided December 7, 1967.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Morris Lee Kaplan,* with whom was *Michael Lee Kaplan* on the brief, for appellant.

*William B. Whiteford, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Leroy Carroll, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Appellant, Waddell Lucas, was indicted for rape and for robbery with a deadly weapon. On October 26, 1966, appellant was tried in the Criminal Court of Baltimore City by Judge Meyer M. Cardin sitting without a jury. Appellant was found

guilty of rape and the robbery indictment was placed on the Stet Docket. Appellant was sentenced to five years in the Maryland Penitentiary.

Appellant raises two contentions on appeal:

1. That the trial court erred in not granting the Motions for Directed Verdict of Acquittal.
2. The verdict was against the weight of the evidence.

On March 22, 1966, appellant and his brother went to the apartment of Miss Lucille Baker purportedly to check on mail that may have been delivered there for them. The brothers had vacated the premises prior to Miss Baker's occupancy. Miss Baker allowed the Lucas brothers into the apartment and allowed appellant's brother to use the bathroom. The brother returned from the bathroom with a knife and, together with the appellant, threatened Miss Baker and the four infant children in her care with physical violence unless she submitted to sexual intercourse with them. Because of the threats of harm to herself and the children, Miss Baker submitted to intercourse with both the appellant and his brother. She testified that she did not scream or attempt to escape because of fear for herself and the children.

After the attack, both appellant and his brother left the apartment and Miss Baker went to a local store and called the police. An examination by Dr. George Wells revealed recent sexual intercourse.

Appellant admitted having sexual relations with Miss Baker, but contended it was with her consent.

At the conclusion of the State's case, a Motion for Judgment of Acquittal was made by the appellant, but was denied by the trial court. Subsequent thereto, the appellant took the stand in his own behalf and thus withdrew his motion. Maryland Rules of Procedure 755 (b); *Loker v. State,* 2 Md. App. 1; *McGlothlin v. State,* 1 Md. App. 256, 229 A.2d 428.

As to the appellant's contention that the lower court erred by not granting his renewed motion for acquittal at the close of the entire case the court is of the opinion that it is redundant and merges with his second contention, that there was insufficient evidence to sustain the conviction. *McGlothlin v.*

*State, supra,* at page 261. In non-jury trials, the weight of the evidence and credibility of the witnesses is for the trial judge to determine. *Sadler v. State,* 1 Md. App. 383, 230 A. 2d 372; *Dunlap v. State,* 1 Md. App. 444, 230 A. 2d 690. In reviewing the sufficiency of the evidence, this Court determines whether the court below had sufficient evidence from which it could be fairly convinced beyond a reasonable doubt of the defendant's guilt. *Hutchinson v. State,* 1 Md. App. 362, 230 A. 2d 352; *Howard v. State,* 1 Md. App. 379, 230 A. 2d 115; *Sadler v. State, supra; Dunlap v. State, supra.*

Here, there was legally sufficient evidence from which the trial court could fairly be convinced beyond a reasonable doubt of the appellant's guilt. While it is true that force is an essential element of the crime of rape, force may exist without violence. Submission to a compelling force, or as the result of being put in fear, is not consent. Consent is absent where the prosecutrix was so overcome and terrified by threats as to overpower her will to resist. *Hazel v. State,* 221 Md. 464, 157 A. 2d 922.

Appellant having admitted having sexual intercourse with the prosecutrix, the only real contention which would render the evidence insufficient to sustain the conviction was the appellant's allegation of consent. This allegation was contrary to the prosecutrix's testimony regarding the presence of a knife and threats of harm against the four children and herself.

In the instant case, there was legally sufficient evidence of the crime of rape based upon the testimony of the prosecutrix alone, which, as a matter of law, need not be corroborated. *Green v. State,* 243 Md. 75, 220 A. 2d 131; *Johnson v. State,* 238 Md. 528, 209 A. 2d 765. Although appellant denied having forced the prosecutrix to have sexual relations with him, the court was under no obligation to believe him. *Green v. State, supra.*

The trial court found that the act charged was committed by the appellant without the consent of the prosecutrix. It is well established that the findings of fact by the trial judge sitting without a jury will stand undisturbed unless clearly erroneous. Maryland Rule 1086; *Tucker v. State,* 244 Md. 488, 224 A. 2d 111; *Anglin v. State,* 1 Md. App. 85, 227 A. 2d 364.

We find that there was sufficient evidence before the trial court to find the appellant guilty beyond a reasonable doubt.

*Judgment affirmed.*