## GEORGE WILLIS *v.* STATE OF MARYAND

[No. 10, September Term, 1967.]

*Decided January 2, 1968.*

The cause was submitted to MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Kenneth E. Lee* for appellant.

*Francis B. Burch, Attorney General, S. Leonard Rottman, Assistant Attorney General,* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City,* for appellee.

PER CURIAM.

The Appellant, George Willis, was convicted by a jury in the Criminal Court of Baltimore of assault with intent to rape. He was sentenced by Judge Charles D. Harris, the presiding judge, to serve ten years in the Maryland Penitentiary.

In this appeal the Appellant contends that the evidence in the lower court was legally insufficient to sustain his conviction.

The prosecuting witness testified that on November 7, 1966, at approximately 1:40 A.M., she was walking along Pennsylvania Avenue in Baltimore City. As she reached Lanvale Street, two men came up behind her. One of them grabbed a package she was carrying and the other, the shorter of the two, grabbed her, twisted her arm behind her back, and pushed her into a small alley nearby. At the same time, he threw her to the ground and began ripping off her underclothing. Her screams were heard by Officer Carl Johnson of the Baltimore City Police and as he approached the scene of the crime, the taller of the two men who had been standing watch advised the attacker that the police were coming. Both men then fled from the scene.

Officer Johnson testified that upon arrival at the scene of the crime he saw Miss Robinson lying on the ground and saw two males running away from her. He gave chase and shortly thereafter apprehended a man whom he identified as the Appellant. He returned to Miss Robinson with the Appellant in custody and asked her if the Appellant was her attacker. She said that he was and at the trial she so identified him. Officer Johnson stated that from the time he saw Miss Robinson in the alley to the time he apprehended the Appellant, no more than twenty-five or thirty seconds had elapsed, and he also stated that the Appellant was out of his sight for no more than three seconds during this time. The Officer further stated that when he apprehended the Appellant, he observed that his trousers were unzipped, leaving him exposed. Later that morning Officer Johnson escorted Miss Robinson to the Provident Hospital where it was revealed that she had suffered a fractured arm as a result of the attack.

The Appellant conceded that he was in an alley leading to the one which was the scene of the crime and that he knew the prosecuting witness. He contends, however, that he was in the alley for the purpose of taking narcotics and that when he heard some noises and saw boys being chased by a policeman, he, too, decided to run.

The Appellant herein was tried by a court and jury. The function of this Court, therefore, is not to substitute its finding for that of the jury, but only to determine whether there was relevant evidence presented to the jury which could prop-

erly sustain the conviction. To justify reversal, the Appellant must show that there was no legally sufficient evidence, or inferences to be drawn, from which the jury could have found his guilty. *Graef v. State,* 1 Md. App. 161. It follows, therefore, that this Court will not weigh the evidence presented to the jury, but will only determine its legal sufficiency to support their verdict. *Borman v. State,* 1 Md. App. 276.

The Appellant was positively identified at the trial by both the prosecuting witness and the arresting officer. The prosecuting witness stated that she was able to identify the Appellant on the night of the incident by both his stature and his clothing. The arresting officer identified the Appellant positively as the man in the alley who fled as he approached. It is well settled that identification by even a single eye witness, if believed, is sufficient to support a conviction. *Hutchinson v. State,* 1 Md. App. 362. It has, likewise, been held that the presence of the accused at the scene of the crime is an important element that may be considered in determining his guilt or innocence. *Tasco v. State,* 223 Md. 503; *Spencer v. State,* 1 Md. App. 264. It is, also, well settled that the trier of facts is under no obligation to believe the exculpatory testimony of the defendant. *Dunlap v. State,* 1 Md. App. 444 and *Chittum v. State,* 1 Md. App. 205.

On the record before us, we find that there was legally sufficient evidence from which the jury could have found the Appellant guilty beyond a reasonable doubt.

*Judgment affirmed.*