RONALD B. ANDERSON AND DOUGLAS A. WASHINGTON, JR. *v.* STATE OF MARYLAND

[No. 333, Initial Term, 1967.]

---

*Decided March 18, 1968.*

The cause was argued before MURPHY, C. J., and ANDER-SON, MORTON, ORTH, and THOMPSON, JJ.

*Louis Peregoff,* with whom were *A. Samuel Peregoff* and *William S. Cooper* on the brief, for appellant Anderson; and *Richard K. Jacobsen,* on the brief, for appellant Washington.

*Edward F. Borgerding, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Howard L. Cardin, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ANDERSON, J., delivered the opinion of the Court.

On October 31, 1966, the appellants, Ronald B. Anderson and Douglas A. Washington, Jr., were convicted in the Criminal Court of Baltimore by the court, sitting without a jury, Judge J. Gilbert Prendergast presiding, of robbery. On November 23, 1966, Anderson was sentenced to ten years in the Maryland Penitentiary and Washington was sentenced to not more than ten years in the Maryland Correctional Institution.

Appellant Anderson raises two contentions on appeal:

1. That the appellant was deprived of due process of law under Article IV, Section 15, of the Constitution of Maryland, Annotated Code of Maryland (1957); and under the Fourteenth Amendment to the Constitution of the United States, because of failure of the State to

diligently process his appeal and stand the case for hearing upon the transmission of the record.

2. That the appellant was deprived of due process of law under the Sixth and Fourteenth Amendments to the Constitution of the United States where he was forced to go to trial with counsel to whom he strenuously objected prior to the actual commencement of his trial.

Appellant Washington's sole contention on appeal is that the evidence was not sufficient to sustain the conviction.

From the evidence adduced below, the trial court could properly find that on July 19, 1966, at 3:15 p.m., Joseph Klein, a salesman for the Madeira Wine and Liquor Company, left a customer's store at Franklin and Fremont Avenues in the City of Baltimore, and was on his way to his automobile when he was yoked from the rear by three men. Mr. Kein was knocked to the pavement, his pockets were ripped out, and checks, plus cash amounting to $30 or $40, were taken. Three police officers personally observed the appellants in the commission of the crime. The officers immediately sought to apprehend the three assailants who, upon noting the presence of the officers, took flight in an attempt to escape. The officers remained in hot pursuit with Officer Frederick Entz pursuing Washington and Officer Howard Saukitis pursuing Anderson. Appellant, holding four of the stolen checks, was apprehended by Officer Saukitis after being shot by the officer. Appellant Washington's flight also culminated in his apprehension by another officer after a long involved path of flight. In court, both Officers Entz and Saukitis identified the appellants as the assailants of Mr. Klein.

Appellant Anderson did not take the stand. At trial, he requested a postponement to secure unknown witnesses. The request was denied. Appellant then noted his discontent with his appointed counsel contending his counsel was unprepared and noting for the record his desire to have different counsel.

Appellant Washington denied his participation in the robbery but admitted being chased.

Following the conviction, appellant Anderson moved for a new trial urging the court to appoint different counsel to argue

the motion. At that hearing, he admitted he had no additional witnesses to produce.

### Ronald B. Anderson

Appellant's first contention is without merit. Appellant Anderson urges that the delay involved in the processing of his appeal was "substantial and seriously prejudicial" and a direct product of the State evading its burden to pursue the matter by "shifting the burden" to the appellant. Appellant places great import upon Article IV, Section 15 of the Maryland Constitution stressing the following phrase respecting an expeditious hearing on appeal "* * * and all cases shall stand for hearing at the first term after the transmission of the record." In further support of his contention, appellant culls a statement from dicta in *Garcia v. U. S.*, 10 F. 2d 355 (1926), wherein that court issued a reprimand to the litigants for failing to submit the case for appellate review or in the alternative make a motion to dismiss for want of prosecution for a period encompassing two years and eight months, when it "should have been heard and disposed of as part of the October list, 1923."

The contention that said delay was "substantial and seriously prejudicial" fails to set out any supporting data to substantiate what on the record constitutes a bald allegation. The record reveals that appellant's appeal was joined with that of Washington and that the time for filing of the brief expired initially on April 3, 1967 and counsel for Washington requested an extension, which was agreed to by stipulation, to May 3, 1967, to June 5, 1967, to June 16, 1967, to July 7, 1967, with the brief being finally filed on August 29, 1967. During this entire period, appellant Anderson neither filed for an extension of time nor filed his brief. Due to illness of appellant's original appeals counsel, new counsel was appointed on November 14, 1967. The appellant's reliance upon Article IV, Section 15, is ill founded since that section was rewritten by the Amendment of 1966 to the Maryland Constitution, ratified on November 8, 1966, deleting the words relied upon. This appeal being filed on December 7, 1966 removes same from the old section.

In the face of the record, it is clear that appellant Anderson has only his own acute procrastination to hold accountable for the delay herein involved.

Appellant's second contention is also without merit. Appellant stated below that he did not want to be represented by the court-appointed counsel assigned to him. The record discloses that appellant asked for and was granted a postponement, ostensibly to secure private counsel, on September 13, 1966, when brought before the court for arraignment. On September 23, 1966, appellant still had not obtained counsel so a not guilty plea was entered by the court, and on October 26, 1966 counsel was appointed. On October 27, 1966, a motion for discovery was filed and trial was held on October 31, 1966. At trial, appellant requested another postponement to secure unknown witnesses, which was denied. Appellant contended that his court-appointed counsel had only seen him on two occasions and therefore could not be properly prepared to represent him. With respect to the unknown witnesses, counsel had requested their names, but appellant failed to furnish the names and subsequently admitted, at the motion for the new trial, that he did not have any such witnesses.

Obviously, a defendant is entitled to employ counsel of his own choice who is willing to take his case so long as he is able to satisfy the fee required. However, a defendant is not entitled, as a matter of right, to employ counsel of his own choice and require the State to pay the fee out of public funds. Rather, if the defendant is indigent, the court may appoint counsel and such court-appointed counsel is payable by the State. *Murray v. Director,* 228 Md. 658, 660, 179 A. 2d 878 (1962).

In *Woodell v. State,* 223 Md. 89, 95, 162 A. 2d 468 (1960), the Court of Appeals stated:

> "'The relationship of attorney and client can be and, we think, is as effectively established where counsel for an indigent defendant is appointed by the court as where he is employed by a solvent defendant at his own expense."

That Court, at p. 995, went on to further state, by adoption of the views expressed by the Supreme Court of Georgia in *Fambles v. State,* 97 Ga. 625, at 628, 25 S. E. 365 (1896).

> "Attorneys are officers of court, and such officers are presumed to do as the law and their duty require them.

When an attorney is appointed by the court to defend a person accused of crime, who is unable to employ counsel, it is his duty to do so; and it is to be presumed that he will discharge his full duty in the premises. It is also to be presumed that the court, in appointing counsel for this purpose, will appoint attorneys who have sufficient skill and learning to defend the accused properly."

The fact that counsel is not privately retained but is court-appointed is irrelevant to the issue of competency. See *McCloskey v. State,* 230 Md. 635, 638, 187 A. 2d 833 cert. den. 374 U. S. 851 (1963).

Here appellant urges that he was improperly represented because his counsel made only two visits to him in preparation for trial. In *Miller v. State,* 1 Md. App. 653, 656, 232 A. 2d 548 (1967), this Court noted that "the fact that the trial counsel only made one visit to the appellant before the trial does not establish his incompetency, absent a showing that he was not afforded genuine and effective representation going to the fundamental fairness of the trial." Appellant's mere recitation of the number of personal visits by his attorney fails to satisfy the stricture found in *Miller.* Furthermore, "the refusal to discharge court-appointed counsel in accordance with the wishes of a defendant or appellant would not constitute error where * * * there is nothing in the record to even suggest that the attorney had not competently represented his client." *Johnson v. State,* 237 Md. 283, 206 A. 2d 138 (1965) and cases cited therein. The law and facts of this case were relatively simple and it would appear that adequate preparation would not necessarily be very time consuming. In brief, there is nothing in the record before us to indicate either incompetency or to suggest improper preparation. Here the officers observed appellant Anderson participating in the commission of the crime, pursued him in flight, shot him, and apprehended him at the culmination of the flight. As we observed in *Harris v. State,* 2 Md. App. 408, 411, 234 A. 2d 781, 782 (1967), "[i]t would have taken a legal Houdini to have extricated the appellant from his difficulties." Furthermore, to abide by the appellant's urging would, as a practical matter, place the State's judicial process

in the untenable position of responding to every whim and fancy a defendant could devise to complicate and or frustrate the juridical processes and evolve the term "competent representation" into a farce.

## Douglas A. Washington, Jr.

Appellant urges that the evidence was insufficient to sustain his conviction. The thrust of his argument is that during the chase the officer might have lost sight of the pursued momentarily, that appellant was proceeding to see his sick grandmother when arrested, and that the evidence was just as consistent with innocence as with guilt.

The test of the sufficiency of the evidence in a nonjury case is whether the evidence, if believed, either shows directly or supports a rational inference of the facts to be proved, from which the court could fairly be convinced, beyond a reasonable doubt, of the defendant's guilt of the offense charged. *Montague v. State*, 3 Md. App. 66, 72, 237 A. 2d 816 (1968) ; *Thomas v. State*, 2 Md. App. 502, 507, 235 A. 2d 777 (1967) ; *Chittum v. State*, 1 Md. App. 205, 209, 228 A. 2d 628 (1967). In nonjury trials the weight of the evidence and the credibility of the witnesses rests within the determination of the trial judge. *Dunlap v. State*, 1 Md. App. 444, 230 A. 2d 690 (1967) ; *Sadler v. State*, 1 Md. App. 383, 230 A. 2d 372 (1967). Furthermore, in nonjury trials, the trial court in performing its duty of judging the credibility of witnesses may disbelieve the exculpatory statements made by the defendant. *Carwell v. State*, 2 Md. App. 45, 49-50, 232 A. 2d 903 (1967).

Appellants Washington and Anderson were positively identified by Officers Saukitis and Entz as the perpetrators of the crime. The officers personally observed them in the actual commission of the crime. Appellant Washington was observed on top of the victim going through his pockets. It is well established that the positive identification of a single eye-witness, if believed by the trier of facts, is ample evidence to sustain a conviction. *Montague v. State, supra; Hutchinson v. State*, 1 Md. App. 362, 367, 230 A. 2d 352 (1967) ; *Crumb v. State*, 1 Md. App. 98, 103, 227 A. 2d 369 (1967). Here we have two positive identifications.

Upon noting the presence of the police officers, the appellants took to flight with the officers in hot pursuit. The testimony fails to establish whether during the circuitous chase of appellant Washington through yards, alleys and houses, the appellant was or was not momentarily out of the sight of his pursuers; however, in view of the positive identification at the situs of the crime from whence the flight and pursuit originated, even if there had been momentary lapses, they would be of no meaningful significance.

It is well established that flight from the scene of a crime is an important factor that may be considered in determining guilt. *Williams v. State*, 3 Md. App. 58, 61, 237 A. 2d 822 (1968). As this Court stated in *Williams v. State, supra*:

> "Flight from justice, and its analogous conduct, have always been deemed indicative of a consciousness of guilt. * * * It is today universally conceded that the fact of an *accused's flight*, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself."

Appellant's presence at the immediate and exact spot where a crime was in the process of being committed was conclusively established. Such presence is an important factor for consideration in effecting a determination of guilt. *Williams v. State, supra*.

Upon our request, appellant Washington's counsel submitted a revised brief. Therein, a letter by the appellant to his counsel, setting forth additional contentions, was printed verbatim. Appellant failed to submit either supporting facts or argument to support what therefore constitutes bald allegations. Furthermore, these contentions were not raised below and thus cannot be raised now for the first time. Maryland Rule 1085; *Gaylord v. State,* 2 Md. App. 571, 575, 235 A. 2d 783, 786 (1967); *Sherrod v. State,* 1 Md. App. 433, 438, 230 A. 2d 679, 682 (1967); *Howard v. State,* 1 Md. App. 379, 382, 230 A. 2d 115, 117 (1967); *Charles v. State,* 1 Md. App. 222, 229, 228 A. 2d 620, 624 (1967). However, had the question of incompetency

of trial counsel been properly preserved it would have been totally without merit. An accused is entitled to a new trial on the ground of inadequate counsel only when that representation is so deficient as to go to the very fairness of the trial. *Charles v. State, supra.* The record below fails to support appellant's contention.

The record below clearly establishes that not only were the appellants present at the immediate and exact spot where a crime was in the process of being committed and took to flight pursued by the officers culminating in their apprehension, but the officers positively identified the appellants as the culprits they observed in the actual commission of the crime, with appellant Washington atop the victim going through his pockets. This Court cannot reverse a judgment of the lower court unless it is shown that there was no legally sufficient evidence, or proper inferences therefrom, from which that court could find the accused guilty beyond a reasonable doubt. *Howard v. State, supra,* 382. Such prerequisite showing was not established in this case and we certainly cannot say that the judgment of the lower court was clearly erroneous. Maryland Rule 1086. *Lucas v. State,* 2 Md. App. 590, 593, 235 A. 2d 780, 782 (1967).

*Judgments affirmed.*