JIMMIE McRAE *v.* STATE OF MARYLAND

[No. 108, September Term, 1967.]

---

*Decided March 20, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Jack G. Richards* for appellant.

*William E. Brannan, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Raymond Faby, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

On March 15, 1967, the appellant, Jimmie McRae, was tried in the Criminal Court of Baltimore by Judge Charles D. Harris, sitting without a jury, and was convicted of grand larceny. He received a sentence of not more than four years.

Appellant raises four contentions on appeal:

1. That the arresting officer did not have sufficient probable cause to arrest the appellant.
2. That the evidence was illegally obtained.
3. That the pre-lineup preparation was conducted in such a way as to prejudicially suggest the identification of the appellant.
4. That the State's failure to provide the appellant with the names of "informers" constituted reversible error.

On January 31, 1967, at about 2 a.m., a seaman named Sivert S. Nygaard was drinking coffee in the Flying Saucer Restaurant in Baltimore City, when he ordered and paid for a coke for a man seated next to him. Thereafter, he asked that man the whereabouts of the men's room. Upon entering the restroom he noted he was accompanied by his new acquaintance. They remained in the restroom for two and one-half minutes "and as I was standing there, all of a sudden, all of a sudden I felt a hand in my right hip pocket. He took my wallet." The wallet con-

tained approximately $895.00. Appellant ran from the restaurant and Mr. Nygaard could not catch him, so he called the police.

Officer Frank Wolski was assigned to the investigation and from Mr. Nygaard's description went to the Police Department's Bureau of Identification obtaining five photographs, including appellant's. Officer Wolski testified he had known the appellant and had observed him in the neighborhood. The photographs were viewed by Mr. Nygaard and he identified the appellant.

On February 2, 1967, at about 2:15 a.m., appellant was arrested by Officer Wolski without a warrant and a search of his person revealed $4.00 in his pocket and $320.00 in his left sock.

Mr. Nygaard successfully picked the appellant from a line-up and subsequently identified him in court.

I

As we stated in *Boone v. State,* 2 Md. App. 479, 480, 235 A. 2d 567 (1967) :

> "It has long been the rule in this State that a police officer may arrest without a warrant where he has reasonable grounds to believe that a felony has been committed and that the person arrested has committed the felony. Probable cause exists where the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information to warrant a man of reasonable caution in the belief that an offense had been committed. *Mulcahy v. State,* 221 Md. 413, 158 A. 2d 80 (1960) ; *Jones v. State,* 242 Md. 95, 218 A. 2d 7 (1966)."

It is well settled that sufficient probable cause for an arrest exists where there is a report of a felony and a description of the perpetrator. *Hopkins and Terry v. State,* 239 Md. 517, 520, 211 A. 2d 831 (1965) citing *Farrow v. State,* 233 Md. 526, 531, 197 A. 2d 434 (1964).

In the instant case, Officer Wolski knew the felony had been committed, was possessed of the victim's description of his assailant, was present when the victim picked appellant's photo-

graph from the group of five presented, and personally knew the appellant frequented the neighborhood where the crime occurred. Under the above facts and circumstances, we find that there was sufficient probable cause to believe that a felony had been committed and that the person arrested had committed that felony.

## II

"[W]here circumstances make an arrest without a warrant lawful, it is permissible, as an incident to the arrest, to search the person of the suspect and to take into custody and examine the tangible evidence or instruments of the crime, whether upon his person or within his present or immediate possession." *Mulcahy v. State,* 221 Md. 413, 422, 158 A. 2d 80 (1960); *David v. State,* 1 Md. App. 666, 669-670, 232 A. 2d 553 (1967). Here, the evidence seized was secured incidental to a lawful arrest and therefore was properly admitted into evidence.

## III

Appellant's third contention that the pre-lineup preparation was conducted in such a way as to prejudicially suggest the identification of the appellant is without merit. While it is true that the victim identified the appellant from a group of photographs prior to the lineup at which he later identified the appellant, there is no indication from the testimony that the appellant's identification was prejudicially inspired, as the victim had ample opportunity to observe the features of the appellant during the time that he was seated next to him in the restaurant.

Furthermore, it was settled by *Stovall v. Denno,* 388 U. S. 293, 87 S. Ct. 1967, 18 L. Ed. 2d 1199, that the legal principles enunciated in *United States v. Wade,* 388 U. S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149, and *Gilbert v. California,* 388 U. S. 263, 87 S. Ct. 1951, 18 L. Ed. 2d 1178, all decided on June 12, 1967, apply only to lineups conducted after June 12, 1967. *Tender v. State,* 2 Md. App. 692, 696, 237 A. 2d 65 (1968).

Furthermore, the victim's testimony indicates that the police officer informed him of the appellant's name only after the appellant's photograph had been clearly and positively picked out by the victim from the group of five photographs submitted to

him. The testimony of Officer Wolski fully supports this inference. The victim also identified the appellant in court. It is well established that the positive identification of a single eyewitness, if believed by the trier of facts, is ample evidence to sustain the conviction. *Montague v. State,* 3 Md. App. 66, 71, 237 A. 2d 816 (1968); *Hutchinson v. State,* 1 Md. App. 362, 367, 230 A. 2d 352 (1967); *Crumb v. State,* 1 Md. App. 98, 103, 227 A. 2d 369 (1967).

Assuming arguendo, some conflict in the testimony of the victim and officer regarding this point, it is clear that in nonjury trials, the weight of the evidence and the credibility of the witnesses is for the determination of the trial judge. *Lucas v. State,* 2 Md. App. 590, 593, 235 A. 2d 780 (1968); *Dunlap v. State,* 1 Md. App. 444, 230 A. 2d 690 (1967).

Appellant's final contention is also without merit. The thrust of this contention is that informers supplied the prerequisite probable cause upon which the appellant's arrest was based and therefore their identification was essential to a fair determination of this cause. The issue of probable cause was foreclosed by the officer's testimony that he had relied solely upon the description and information supplied by the victim in conjunction with the victim picking the appellant's photograph from the group of five presented. The additional information sought from the witnesses at the situs of the crime was in no way linked to the establishment of probable cause for appellant's arrest. As noted above, the victim's report and his description of the perpetrator supplied ample probable cause. *Hopkins and Terry v. State, supra; Farrow v. State, supra.*

*Judgment affirmed.*