## JOSEPH LEON MORRIS *v.* STATE OF MARYLAND

[No. 312, September Term, 1967.]

*Decided June 7, 1968.*

The cause was submitted to MURPHY, C. J., and ANDER-SON, MORTON, ORTH, and THOMPSON, JJ.

*Joel L. Levin* for appellant.

*Alfred J. O'Ferrall, III, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Joseph C. Howard, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

On June 22, 1967, the appellant, Joseph Leon Morris, was tried in the Criminal Court of Baltimore, Judge Charles D. Harris presiding without a jury, and convicted of assault upon William Marshall and of manslaughter for the killing of James William Johnson. On July 17, 1967, after denying a Motion for a New Trial, the appellant was sentenced to eight years imprisonment for the manslaughter conviction and four years imprisonment for the assault conviction, sentences to run concurrently.

Appellant's sole contention raised on this appeal is that the evidence was not sufficient to sustain the convictions.

From the evidence adduced below, the trial court could properly find that on September 10, 1966, at approximately 2:15 o'clock a.m., the appellant was involved with William Marshall in an altercation in the middle of the street, near Riggs and Calhoun Streets, in Baltimore, which, after some arguing and scuffling, culminated in the appellant striking Mr. Marshall on the side of his head with a gun which discharged killing a bystander, James William Johnson.

Two Baltimore City policemen, cruising in the area, heard the report of the gun and immediately responded to the scene. They observed the appellant, while walking from where the deceased lay, take a handkerchief from his pocket placing a black

object therein, and deposit same in the gutter. The officers immediately retrieved the object and found it to be a .38 colt revolver.

Appellant testified that he struck Marshall in self-defense, was not aware that the gun was loaded, and that the gun was in a paper bag when he struck Marshall, he having never withdrawn the gun.

Marshall and witness Leroy Wilson testified that they did not observe a paper bag but saw the naked gun in the appellant's hand.

The applicable test in reaching a determination of the sufficiency of the evidence in a non-jury case is whether the evidence, if believed, either shows directly or supports a rational inference of the facts to be proved, from which the court could fairly be convinced, beyond a reasonable doubt, of the defendant's guilt of the offense charged. *Speaks v. State,* 3 Md. App. 371, 379, 239 A. 2d 600, 605 (1968) ; *Anderson and Washington, Jr. v. State,* 3 Md. App. 362, 369, 239 A. 2d 579, 583 (1968) ; *Montague v. State,* 3 Md. App. 66, 72, 237 A. 2d 816, 820 (1968). In nonjury trials the weight of the evidence and the credibility of the witnesses rests within the determination of the trial judge. *McRae v. State,* 3 Md. App. 388, 393, 239 A. 2d 607, 610 (1968). *Anderson and Washington, Jr. v. State, supra,* 369; *Lucas v. State,* 2 Md. App. 590, 593, 235 A. 2d 780, 782 (1968). Furthermore, in non-jury trials, the trial court in performing its duty of judging the credibility of witnesses may disbelieve the exculpatory statements made by the defendant. *Anderson and Washington, Jr. v. State, supra,* 369.

The thrust of the appellant's argument is that since he was acting in self-defense with respect to Marshall, he could not, therefore, be held culpable for the killing of Johnson, since if Marshall had been killed instead, the resultant homicide would have been justified by application of the doctrine of self-defense. However, it is clear that the burden of proving self-defense rested upon the appellant. *Davis v. State,* 237 Md. 97, 103, 205 A. 2d 254 (1964). An assault predicated upon the doctrine of self-defense is justified only where the accused had reasonable grounds to believe, and did believe, that he was in apparent imminent peril of death or serious bodily harm from his actual or

potential assailant. It is the task of the trier of facts to determine whether the accused was justified in meeting force with force. Upon finding such justification, the force used against the assailant must not have been unreasonable or excessive, that is, the defender must not have used more force than the exigency reasonably demanded. *Tipton v. State,* 1 Md. App. 556, 560, 232 A. 2d 289 (1967). While under a particular set of facts and circumstances a person may defend himself even to the extent of taking an aggressor's life, it is patently clear that he cannot use more force than is necessary without leaving the sanctuary of self-defense. See *Ware v. State,* 3 Md. App. 62, 65, 237 A. 2d 526 (1968).

Appellant's introduction of a loaded gun into this affray and the use of same to bludgeon into submission his victim, William Marshall, clearly constitutes an exercise of greater force than was justified under the circumstances. The lower court found no merit to his urging that his conduct constituted a proper exercise of self-defense, nor do we. Therefore, upon the instant record, it cannot be said that the lower court was clearly erroneous in finding the appellant guilty of assault upon Marshall. Maryland Rule 1086.

We now direct our attention to appellant's manslaughter conviction. In *McFadden v. State,* 1 Md. App. 511, 517, 231 A. 2d 910 (1967), we quoted with approval from *Neusbaum v. State,* 156 Md. 149, 155, 143 Atl. 872, 875 (1928):

> "Manslaughter has been defined to be 'the unlawful and felonious killing of another, without malice aforethought, either express or implied, and is either voluntary or involuntary homicide, depending upon the fact whether there was an intention to kill or not.' (1 *Wharton Cr. Law,* par. 421.)"

As was further stated by Judge Offutt in *Neusbaum v. State, supra,* 155:

> "A felonious homicide is where one takes the life of another human being 'purposely and without legal excuse, or without such excuse takes it unintentionally while needlessly doing anything in its nature dangerous to life, or who causes death by neglecting a duty

imposed either by law or by contract, or in the course of committing a crime or even a civil wrong.' * * *."

Then in *Allison v. State,* 203 Md. 1, 5, 98 A. 2d 273 (1953), it was further observed that:

> "Malice is, of course, an essential ingredient of murder, but even an unintentional killing may constitute the crime of manslaughter if it is due to a wanton and reckless disregard of human life. Cf. *Hughes v. State,* 198 Md. 424, 432, 84 A. 2d 419, 422, and *Neusbaum v. State,* 156 Md. 149, 155, 143 A. 872. See also *Barbeau v. United States,* 9 Cir., 193 F. 2d 945."

The evidence adduced at the trial clearly established that the deceased was killed as a direct result of the appellant's wanton and reckless use of a loaded gun in assaulting Marshall, thereby negligently causing the said gun to discharge with the bullet striking the deceased. Appellant's responsibility for this criminal negligence can be readily evidenced and succinctly stated as:

> "With few exceptions, an unintentional killing of a human being arising from a wanton or reckless use of firearms, in the absence of intent to discharge the weapon, or in the belief that it is not loaded, and under circumstances not evidencing a heart devoid of a sense of social duty, is manslaughter. As the responsibility of the defendant is predicated upon negligence, the manslaughter should be classified as involuntary." 1 *Wharton's Criminal Law* (12th Ed.) § 292.

The death of the innocent bystander, James William Johnson, was in no way lessened by appellant's protestation that the gun was unloaded and the act unintentional. These factors merely mitigate his degree of culpability in the eyes of the law relegating his wanton and recklessly negligent conduct, evidenced by the use of the loaded gun in the assault upon Marshall, to the crime of involuntary manslaughter.

This Court cannot reverse a judgment of the lower court unless it is shown that there was no legally sufficient evidence, or proper inferences therefrom, from which that court could find the accused guilty beyond a reasonable doubt. *Anderson and*

*Washington, Jr. v. State, supra,* 371. Such prerequisite showing was not established in this case and we cannot say that the judgment of the lower court was clearly erroneous. Maryland Rule 1086; *Speaks v. State, supra,* 379; *Anderson and Washington, Jr. v. State, supra,* 371; *Lucas v. State, supra,* 593.

*Judgments affirmed.*