WESLEY LEON HARPER *v.* STATE OF MARYLAND

[No. 145, September Term, 1968.]

*Decided January 29, 1969.*

*Charles E. Brooks* (*Feldman & Gersh* on the brief) for appellant.

*H. Edgar Lentz, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, State's Attorney for Baltimore County,* and *John J. Lucas* and *Gary Huddles, Assistant State's Attorneys for Baltimore County,* on the brief, for appellee.

PER CURIAM.

On February 26, 1968, an indictment was filed charging appellant, Wesley Leon Harper, with conspiracy to rob with a dangerous and deadly weapon, conspiracy to rob, and conspiracy to assault. Trial was held in the Circuit Court for Baltimore County before Judge John E. Raine, Jr., sitting without a jury. A verdict of guilty of conspiracy to rob was returned and a sentence of five years under the jurisdiction of the Department of Correction was imposed. Appellant appeals from the conviction, presenting as the only question whether the evidence was sufficient to warrant conviction.

The relevant evidence given at trial was the following: At approximately 3:00 a.m. on February 4, 1968, Miss Linda D. Chullin was driving her automobile, with appellant and one Joseph Heffler, Jr. as her front seat companions, in the Essex area of Baltimore. She removed her girdle and nylon stockings in the ladies' room of a gasoline station because they were "bothering" her and placed them on the rear seat of her automobile under her coat. At the suggestion of one of her companions, she drove to the Towson area in the vicinity of the Park Towson Motel and parked in a dark area of the street, outside of the motel parking lot and approximately thirty-five yards from the motel entrance, with the car lights off and the engine running. Appellant and Heffler left the automobile, instructing her to wait. One of the two men reached into the rear seat and took her nylon stockings; both men then walked to the motel.

At this point Corporal Richard Bussey of the Baltimore County Police Department, while on routine patrol, drove into the motel driveway, observed exhaust fumes coming from the darkened automobile, and pulled up to this automobile. Miss Chullin told Corporal Bussey that her husband had gone to the

bathroom at the motel. Corporal Bussey then observed the two men, both dressed in black, walking toward the automobile from the front door area of the motel. In response to the officer's query, appellant and Heffler said they had gone to the motel for cigarettes. Noting the operator of the motel walking around in the office, Corporal Bussey concluded that he had no basis to detain the group, recorded their names, and dismissed them. The three thereupon left the area. Miss Chullin testified:

> "* * * then one of them said that they almost got busted, so, then I said, what did the police want you for, and they said they thought the police thought that they were robbing the motel. I said, well, did you, and they said, no. Well, one of them said no, then the other one said he couldn't find the office, so, then I asked them what they did with my nylons and they said they threw them."

After the three had left, Corporal Bussey walked to the motel entrance and found a pair of women's nylon stockings by the doormat. These stockings were introduced at trial and identified by Miss Chullin as being the same color and looking like hers. Corporal Bussey found also that the motel doors were locked.

Mr. Simon J. Costello, night auditor of the Park Towson Motel, testified that, as was the usual custom, the doors to the motel were locked at the time in question and that he neither saw nor heard anything unusual at that time.

In Maryland, the gist of a conspiracy is the entering into of an illegal scheme or design, and once this occurs, the crime is complete without the doing of an overt act. *Price v. State*, 4 Md. App. 701, 244 A. 2d 900 (1968). The conspiracy may be proved by circumstantial evidence from which an inference of common design may be drawn. *Price v. State, supra.*

The appellant specifically contends

> "* * * that the State did not meet the burden of showing that a conspiracy was planned and that further, there was no common design shown. . ."

The specific questions properly involved in this attack on the

4

sufficiency of the evidence are: (1) Was there evidence that the men had a common plan? (2) Was the common plan a plan to rob?

The trial court was presented with evidence showing that (a) a darkened, secluded area some thirty-five yards from the motel was chosen to park the Chullin automobile; (b) that both men were dressed completely in black; (c) that one of the men took the nylon stockings from the Chullin automobile; (d) that both men walked toward the motel; (e) that the men's responses to the police officer's queries regarding their activities were consistent as between themselves but contradicted Miss Chullin's answer; (f) that the nylon stockings were found near the motel door; (g) that one of the men "said that they almost got busted"; (h) that when the men were asked by Miss Chullin what they had done with her nylon stockings "they said they threw them"; and (i) that when the men were asked by Miss Chullin if they robbed the motel, one of the men replied that "he couldn't find the office."

When the evidentiary points (a), (c), (f), (g), (h) and (i) are considered, we believe that they support a rational inference that a crime was planned and that the crime planned was robbery. When the points (b), (d), (e), (g) and (h) are considered in the context of the totality of the points above, we believe that they support a rational inference that the plan to rob was not the plan of only one of the men, but was a common plan.

This Court cannot reverse the lower court unless it is demonstrated that the evidence neither shows directly nor supports a rational inference of the facts to be proved, from which facts the court could fairly be convinced beyond a reasonable doubt of the defendant's guilt of the offense charged. *Roeder v. State,* 4 Md. App. 705, 244 A. 2d 895 (1968); *Morris v. State,* 4 Md. App. 328, 242 A. 2d 582 (1968). Such a prerequisite demonstration was not established in this case with regard to either the fact of the common plan or the fact that the plan was a plan to rob, and we cannot say that the trial court was clearly erroneous. Maryland Rule 1086; *Roeder v. State, supra.*

*Judgment affirmed.*