THOS. P. HOLLOHAN *vs.* THE STATE OF MARYLAND.

*Indictment for an Assault with intent to Rob, under Section* 10, *Article* 30, *of the Code of Public General Laws.*

An indictment which charged that the traverser "upon S, unlawfully did make an assault, and him then and there did beat, wound and ill-treat, with the intent feloniously to rob," is sufficient to sustain a conviction under the 10th section of Article 30 of the Code of Public General Laws.

"To rob," and "feloniously to rob," are synonymous.

WRIT OF ERROR to the Circuit Court for Charles county.

At the April Term, 1869, of the Circuit Court for Prince George's county, the plaintiff in error was indicted for an assault with intent to rob A. T. Sheriff. The cause was duly removed to the Circuit Court for Charles county. The plaintiff in error moved to quash the indictment, for reasons which, together with the indictment, are sufficiently set out in the opinion of the Court. The motion to quash was overruled; the traverser then pleaded "*non cul.,*" and was found guilty and sentenced for five years to the penitentiary. He afterwards sued out this writ of error.

The cause was submitted to BARTOL, C. J., STEWART, MAULSBY, ALVEY and ROBINSON, J.

*Woodbury Wheeler* and *Fendall Marbury,* for the plaintiff in error.

*Attorney General Jones,* for the State.

MAULSBY, J., delivered the opinion of the Court.

The indictment in this case is under Article 30, section 10 of the Code, which is: "Every person convicted of the crime of an assault with an intent to rob, murder, or commit a rape,

shall be sentenced to confinement in the penitentiary for not less than two years nor more than ten years."

The indictment charges that the traverser, on, &c., at, &c., "in and upon one A. T. Sheriff, in the peace of God and the said State, then and there being, unlawfully did make an assault" "with the intent the moneys, goods and chattels of the said A. T. Sheriff, from the person and against the will of the said A. T. Sheriff, then and there feloniously to rob," &c.

The traverser, by his counsel, moved to quash the indictment, " because it alleges and charges that the act committed was feloniously done, or done with a felonious intent, which act is not a felony."

The indictment does not charge that the *act* was *feloniously* done, and the question is, whether the allegation that it was done with intent *feloniously* to rob, vitiates it. Robbery, murder and rape are felonies. To constitute either of these crimes, the felonious *act* and felonious *intent* must concur. An assault with intent to commit either of these crimes, is not a felony, but to bring an assault within this Article and section, and subject the party charged to the punishment provided, it must be charged and proved to have been committed with an *intent* to commit a crime, which is a felony. If the intent had been effectuated by the act, a felony would have been committed. Only because it was not effectuated, the crime sinks from the grade of a felony to that of misdemeanor. The assault, with intent to rob, is the *act* charged by the indictment.

" It is a material ingredient to charge the intent with which the act was done, in the words prescribed in the statute," in cases of this character. *State vs. Elborn*, 27 *Md.*, 488. That is, "it is necessary that the defendant should be brought within all the material words of the statute. *State vs. Elborn*, 27 *Md.*, 488.

The words prescribed in the statute were, "with an intent to rob." The words of the indictment are, "with the intent" "feloniously to rob." If the word *feloniously* had been omit-

ted, the averment would have been sufficient, but the introduction of it does not change, in the least, the effect of the averment. "To rob," and "feloniously to rob," are snonymous.

There is nothing in the record which can enable this Court to say, that the indictment ought to have been quashed on the second ground of the motion to quash. It states that the indictment was found by grand jurors disqualified by reason of having suits pending in the Circuit Court of Prince George's county, at the term at which the indictment was found. There is in the record nothing to sustain the allegation, and, therefore, it is unnecessary that we shall determine whether or not the ground would be good if sustained by proof of the fact.

Nor do we think that the motion to quash could be sustained on the third ground, "because of the omission of the allegation of violence in a material part of the indictment." The indictment sets forth that the traverser "unlawfully did make an assault," and "then and there did beat, wound and ill-treat with the intent," &c.

"It is enough to state, with the usual precision, the facts requisite to constitute an assault and battery, and to aver the intent with which it was made." *State vs. Dent,* 3 *Gill & John.,* 12.

We think that the judgment below was correct, and must be affirmed.

*Judgment affirmed.*

(Decided 10th May, 1870.)