(Decided 2nd July, 1880.)

## EDWARD GIBSON *vs.* THE STATE OF MARYLAND.

*Indictment containing one bad count and one good count—How far one bad Count affects a General conviction, on Error—How a Statutory offence should be charged—Rule of Pleading in regard to an Exception included in the Enacting clause of a Statute—From what an Appeal or Writ of Error will not lie.*

An indictment contained two counts. The first count charged that the prisoner " feloniously, wilfully and maliciously did set fire to and burn a certain barn of one J. there situate, contrary to the form of the Act of Assembly." The second count charged that he "wilfully did set fire to and burn a certain barn of one J., there situate, the same being an out-house, and not parcel of any dwelling house, and having therein certain country produce, &c., contrary to the form of the Act of Assembly." The prisoner demurred to the whole indictment. This demurrer the Court overruled. He then demurred to the first count of the indictment. This demurrer was also overruled by the Court. A general verdict of "guilty" was found on the indictment, and the prisoner moved that judgment be arrested.—First. Because the jury had found him guilty of felony, when the offence committed was, under the laws of Maryland, a

misdemeanor only. Second. Because the jury found him guilty under the first count, of a felony, and under the second count, of a misdemeanor. The motion in arrest was overruled. On appeal by the prisoner, it was HELD:

1st. That the first count of the indictment was bad; it neither charged an offence at common law, nor under the Code; the description of the property, being too indefinite to bring the offence within the crime of arson, or within the statutory offence of burning "an out-house not parcel of any dwelling house."

2nd. That the second count of the indictment was a good count, being laid in the language of the Code, and being in other respects unexceptionable.

3rd. That as the indictment contained one good count, and the prisoner was found guilty and sentenced generally, the judgment should not be set aside.

It is sufficient to charge statutory offences, in the language of the statute creating them.

Where a statute contains an exception so incorporated with its enacting clause, that the one cannot be read without the other, the rule of pleading is that the indictment must negative the exception.

The refusal of the Court to require the State to elect on which of several counts in an indictment, the prisoner shall be tried, being entirely within the discretion of the Court, is not the subject of an appeal or writ of error.

APPEAL in the nature of a Writ of Error, from the Circuit Court for Harford County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, MILLER, ALVEY and ROBINSON, J., for the appellee, and submitted on briefs for the appellant.

*William G. Scott, Herman Stump, Jr.,* and *William Young,* for the appellant.

*Charles J. M. Gwinn, Attorney-General,* for the appellee.

BOWIE, J., delivered the opinion of the Court.

The indictment brought up for review by the writ of error in this case, contains two counts; the first charged that Edward Gibson, the plaintiff in error, " on the twenty-third of September, 1879, with force and arms, at the county aforesaid, *feloniously,* wilfully and maliciously did set fire to and burn a certain barn of one George J. Johnson, there situate, contrary to the form of the Act of Assembly," etc. The second, " that the said Edward Gibson, afterwards, on the day and year aforesaid, at the county aforesaid, *wilfully* did set fire to and burn a certain barn of one George J. Johnson, there situate, the same being an outhouse and not parcel of any dwelling house, and having therein certain country produce, etc., contrary to the form of the Act of Assembly," etc. The prisoner moved the Court to require the State to elect on which count he should be tried, which motion was overruled.

The prisoner then demurred to the indictment generally, and afterwards to the *first count* of the indictment specifically, which demurrers being overruled, the prisoner pleaded " not guilty," and the jury being impannelled, found the prisoner " guilty of the premises aforesaid in the indictment aforesaid specified, in manner and form as by the said indictment is above charged upon him "— whereupon the prisoer moved in arrest of judgment for the following reasons :

1st. Because the jury have found him guilty of a felony, and the offence committed is only a misdemeanor by the laws of Maryland.

2nd. Because the jury have found the prisoner guilty under the first count of the indictment of a felony, and under the second count of a misdemeanor.

The motion in arrest being overruled, the prisoner assigned errors and prayed to have the record sent up.

The counsel for the prisoner, in their brief, insist that the first count of the indictment is defective, and the demurrer to it specifically ought to have been sustained. It professes to charge a felony at common law, and is bad in not stating that the barn alleged to have been burned had *corn in it*, or that it was parcel of a dwelling house, for without one of these two circumstances, to burn a barn is not a felony at common law.

Regarded as an indictment under the statute, the count is bad in failing to describe the building as "not parcel of any dwelling house."

Among the offences against property punished by the statute law of this State are arson, and the several modifications of injury by burning, enumerated and described in the Code.

Arson, at common law, consisting generally in the burning of a dwelling, and all outhouses that are a parcel thereof, it became necessary to distinguish it from other offences by burning, to qualify the description of the property by the words "not parcel of any dwelling house."

The burning of a barn, parcel of a dwelling house, is covered by the section of the Code punishing arson, that term technically including the burning of such buildings, and no other provision for the punishment of such offences is contained in the Code.

This crime, being a felony at common law, must be charged to be done feloniously, etc., and the property described in such terms as to show it is a proper subject of arson at common law.

The burning of barns and other outhouses "*not parcel of any dwelling house,*" is a distinct and separate offence, described in specific language, and prohibited and punished by sec. 33 of Art. 72 of the Revised Code.

That section declares that " every person who shall be convicted of the crime of *wilfully* burning any mill, 'barn' or other outhouse 'not parcel of any dwelling

house,' being empty, or having therein any tobacco, etc., or other country produce, shall at the discretion of the Court, suffer death, or be punished by confinement in the penitentiary as therein prescribed."

The Acts of Assembly, or the Code, do not qualify this offence by the term "feloniously," but leave it to the Court to determine its classification whether as a felony or misdemeanor.

It is sufficient to charge statutory offences in the language of the statute creating them. This has become almost an axiom in criminal pleading. *Parkinson vs. The State,* 14 *Md.,* 198; *Elborn's Case,* 27 *Md.,* 483; *Hollohan's Appeal,* 32 *Md.,* 399; *Wheeler's Appeal,* 42 *Md.,* 563.

The qualifying words in the 33rd sec. of Art. 72 of the Code, describing the nature of the property burned, are so incorporated with the context as not to be separated from it without affecting its meaning. They operate as an exception as well as a description.

When a statute contains an exception so incorporated with its enacting clause that the one cannot be read without the other, the rule of pleading is, that the indictment must negative the exception. *Kellenbeck & Brash vs. State,* 10 *Md.,* 438–439; *Rawlings vs. State,* 2 *Md.,* 211–212; *Wharton's Crim. Law,* 191. It has been decided in the case of *Kellenbeck & Brash* that the qualifying words, "not a parcel of dwelling-house," are essential parts of the description, and cannot be omitted.

The first count of the indictment, in this case, neither charges an offence at common law nor under the Code, the description of the property being too indefinite to bring the offence within the crime of arson, or within the statutory offence of burning an outhouse not parcel of any dwelling house. Therefore, the demurrer to the first count should have been sustained.

The second count, however, is laid in the language of the Code, and, being in other respects above exception, the

Gibson vs. State.

demurrer to the indictment generally, was properly over-ruled.

The motion in arrest of judgment raises the question as to the effect of these pleadings upon a general verdict.

The reasons assigned in arrest of judgment are (1.) Because the jury have found the prisoner guilty of a felony, and the offence committed is only a misdemeanor by the laws of Maryland.

(2.) Because the jury have found the prisoner guilty under the first count of a felony, and under the second count of a misdemeanor.

The general rule of law is that where there is one good count and the verdict is general, it shall not be set aside.

This case differs from the case of *Kellenbeck & Brash vs. The State,* 10 *Md.,* 436, cited by the plaintiffs in error. In that case it was held the indictment was defective as an indictment for arson, because it omitted to charge the burning was done "maliciously," and also defective as an indictment under the second clause of the Act of 1809, ch. 138, sec. 5, because it failed to describe the building as not parcel of any dwelling house. Here there is one good count in which the offence is charged in the words of the Code. Wharton, in his chapter on "How far one bad count affects a general conviction, on error," remarks: "The practice, both in England and this country, has always been, where there has been a general verdict of guilty on an indictment containing several counts, some bad and some good, to pass judgment on the counts that are good, on the presumption that it was to them that the verdict of the jury attached. On the same reasoning, where one of two counts is bad, and the defendant is found guilty and sentenced generally, the presumption of law is that the Court awarded sentence on the good count, and the sentence is not erroneous if it is warranted by the law applicable to the offence charged in that count;" to sustain which position numerous authori-

ties are cited—2 *Wharton's Crim. Law, Book IX, ch. IV,* *sec.* 3047, (*5th ed.*)   In the same section it is said, "The rule is not varied by the circumstance that a demurrer of the defendant to the bad counts was overruled, after which the defendant pleaded not guilty to the whole indictment, *it not appearing from the record* that the defendant was prejudiced by the introduction of evidence under the bad count which was not competent under the good counts."

The first count containing no legal charge of an offence at common law, or under the Code, in contemplation of law the indictment consisted of only one count, to which the verdict referred.   There could be under these circumstances neither a joinder nor misjoinder of offences, nor a conviction of several offences of a different class or degree.

It is true, the first count alleges, the prisoner feloniously did burn a certain barn, and the second that he wilfully did burn.   But the property described in each count is the same, and the description in the first count, being insufficient in law to maintain a verdict, it would be illogical and illegal, according to the authorities, to make it effective to destroy the valid count of the indictment.   *Utile per inutile non vitiatur.*

The argument of the Attorney-General, that the offence charged in the first count is legally a felony, because the common law attached the character of felony to all offences punishable by death, however well founded according to the English authorities, does not apply to offences where the punishment of death is in the discretion of the Court, and this Court having in the case of *Black vs. The State* decided that such offences are misdemeanors, we are not disposed to disturb that decision.

No question has been raised in this Court to the refusal of the Court below to compel the State to elect on which count the prisoner should be tried.   The practice is well settled in this State that such a motion is addressed to the discretion of the Court, and not a subject of appeal or writ of error.   *State vs. Bell,* 27 *Md.,* 677.

The motion in arrest of judgment was properly overruled, and, there being no error by which the plaintiff in error was prejudiced, the judgment will be affirmed.

*Judgment affirmed.*

(Decided 2nd July, 1880.)