## HAWKINS *v.* STATE

[No. 154, September Term, 1964.]

*Decided February 3, 1965.*

The cause was argued before PRESCOTT, C. J., and HAMMOND, HORNEY and SYBERT, JJ., and CARTER, C. J., of the Second Judicial Circuit, specially assigned.

*William O. Goldstein,* with whom was *Roland Walker* on the brief, for appellant.

*Loring E. Hawes, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Charles E. Moylan, Jr.* and *Donald Needle, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City,* on the brief, for appellee.

HAMMOND, J., delivered the opinion of the Court.

Appellant was convicted by a jury of larceny of a pistol from

a policeman and of assault with intent to murder the officer with the pistol. He challenges the legality of his arrest and the sufficiency of the evidence.

Officer Rowzee was at a call box on West Baltimore Street about three o'clock in the morning when the driver of a blue and white Mercury automobile shouted to him that a man was being robbed in the doorway of the shoe shop up the street. The officer went to the doorway and saw a man lying in it with his pockets turned inside out. Another man, later identified as the appellant, was walking away from him and "had gone ten or fifteen feet" when the officer called to him to return. Instead, the man "took off running." The officer with drawn revolver pursued him and soon collared him. A tussle ensued during which the appellant said, "You ain't taking me * * * I have got three children," wrenched the revolver from the officer's hand and started to run. After he had gone ten or fifteen feet, he turned and fired at the pursuing policeman and, soon thereafter, fired twice more. Several other policemen had taken up the chase and they shot several times at the appellant.

The owner of a restaurant which the appellant frequented told the police that a man who was of the appellant's build and who had on clothing like that appellant was wearing and who "appeared to be Vernon Hawkins" had run around the corner and into the house, in which Hawkins lived, across the street from the restaurant. The police searched the house but could not find the appellant. His father, his brother, and his wife told them he was not in the house. A warrant was issued for the arrest of Hawkins for larceny and assault with intent to murder and he was arrested at his place of work the next day.

Ordinarily, the validity of the convictions would not be affected by whether the initial chase and seizure or the subsequent arrest were or were not legal, since no evidence was seized or used against Hawkins as a result. Here, however, the essence of appellant's first claim of error is that he had a right to resist seizure by Officer Rowzee inasmuch as the officer had no valid cause to arrest him. We think the contention unsound. Officer Rowzee, who had been told by the motorist at three o'clock in the morning that a man was being robbed at the shoe store and had seen a man lying in the doorway of the store with

his pockets turned inside out, had reasonable cause to believe a robbery—a felony, *Hollohan v. State,* 32 Md. 399, 400—had been committed and, when appellant ran away when asked to come talk to the officer who was kneeling by the victim, he had reasonable cause to believe that the evasive one had committed the felony, and lawfully could have arrested him. "Flight, though not conclusive, is usually evidence of guilt." *Price v. State,* 227 Md. 28, 33; *Tasco v. State,* 223 Md. 503, *cert. den.* 365 U. S. 885.

There can be no real doubt that the evidence was sufficient to permit the conclusions the jury reached. Officer Rowzee identified the appellant in a line-up and at the trial as the man who had stolen his pistol and fired it at him at almost point-blank range. There was corroboration as to identity in the testimony of the restaurant owner. Appellant's mother offered the alibi that he was sleeping at her house when the crimes occurred but the credibility of Officer Rowzee's positive identification and of the restaurant owner's corroboration, as compared to the alibi testimony of the mother, was for the jury to weigh and determine, and the appellant cannot justly complain that the jury did not believe his mother. *Hursey, Jr. v. State,* 233 Md. 243; *Booker v. State,* 225 Md. 183; *Booth v. State,* 225 Md. 71; *Daniels v. State,* 213 Md. 90.

*Judgments affirmed.*