ROBERT G. McLEAN *v.* STATE OF
MARYLAND

[No. 262, September Term, 1968.]

*Decided March 18, 1969.*

*Robert W. Baker* for appellant.

*Henry J. Frankel, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Robert S. Fertitta* and *Hilary D. Caplan, Assistant State's Attorneys for Baltimore City,* on the brief, for appellee.

PER CURIAM.

The appellant, Robert G. McLean, was convicted of forgery in the Criminal Court of Baltimore by Judge E. McMaster Duer, sitting without a jury. He was sentenced to three years under the jurisdiction of the Department of Correction.

Two questions are presented in this appeal:

1. Whether the appellant was denied effective assistance of counsel?
2. Whether there was sufficient evidence to convict?

The item which is involved in the instant case is a check of Swindell Plate & Window Glass Company, No. 2664, dated

September 14, 1967, payable to the order of Daniel L. Bower for the sum of $97.50, drawn on the Equitable Trust Company, signed Charles F. Godfrey, and endorsed Daniel Lee Bower.

At trial Margaret Schaefer testified that she was employed by the Hecht Company as a cashier on September 15, 1967. She stated that on that date the appellant presented to her the subject check to be cashed. The check was already endorsed, she did not see the appellant endorse the check, and she did not know who had endorsed it. When she asked the appellant for identification he gave her a Maryland operator's license.

Emily Libertini testified that she was employed as a credit manager by the Hecht Company at the time in question. She stated that she received the check from the cashier and that she asked the appellant to step into her office, which he did. The appellant identified himself to Mrs. Libertini with an operator's license in the name of Daniel Lee Bower. She then asked the appellant to walk with her to the personnel office. During the walk to the personnel office the appellant broke away from her and ran. Mrs. Libertini also stated that the check was never actually negotiated.

Eugene Brown, employed by the Hecht Company in the security department, stated that he was on his way to the credit department in response to a call from Mrs. Libertini when he saw the appellant leave Mrs. Libertini and run. Mr. Brown apprehended the appellant in the store's parking lot.

William C. Walsh testified that he was employed by the Swindell Plate Glass Company on September 11, 1967. On that date the Glass Company had been robbed of approximately 382 blank payroll checks. He stated that the checks when stolen had nothing written on them by the Glass Company. He identified the subject check as one of the checks stolen on September 11, 1967.

The appellant testified he was the person who ran from Mr. Brown but denied that he knew the check was stolen, denied that he forged the check, and denied that he had anything to do with obtaining money by fraudulent checks from anyone.

With respect to the question raised concerning the effective assistance of counsel, the point was not tried and decided below and is not properly before us. Maryland Rule 1085. We have

consistently refused to consider the question of the competency of trial counsel under such circumstances for reasons set forth in *Harris v. State,* 2 Md. App. 408 (1967).

The evidence adduced at trial seems clearly to show that the instrument was false and that it was presented to the Hecht Company cashier for the purpose of obtaining money from them by fraud. This, by itself, would constitute an uttering of the forged instrument. *Beard v. State,* 4 Md. App. 685, 689 (1968). The Court of Appeals has stated in *Wesbecker v. State,* 240 Md. 41, 45 (1965), that a showing that the defendant possessed and uttered a forged instrument establishes a *prima facie* case of guilt of forgery by the possessor. In addition to the evidence of possession and uttering, there was also evidence showing that the appellant tried to flee from Mrs. Libertini and Mr. Brown. It is well established that flight from the scene of a crime is an important factor that may be considered in determining guilt. *Anderson v. State,* 3 Md. App. 362, 370 (1968) ; *Williams v. State,* 3 Md. App. 58, 60 (1968). Although this flight was not, strictly speaking, a flight from the scene of the crime, the forgery apparently having been made at a place other than the Hecht store, the reasoning on which the statements in *Anderson* and *Williams* are based is apposite. Those cases quote approvingly the general statement from Wigmore, *Evidence* § 276 (3d ed. 1940), as follows:

> "Flight from justice, and its analogous conduct, have always been deemed indicative of a consciousness of guilt. * * * It is today universally conceded that the fact of an accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself."

In our estimation, under the circumstances of this case, the appellant's flight may be used by the trial court as additional evidence of appellant's guilt of forgery.

In non-jury trials the weight of the evidence and the credibility of the witnesses rests within the determination of the trial court. *Brown v. State,* 4 Md. App. 261, 268 (1968). The trial court, in performing its duty of judging the credibility of

witnesses, may disbelieve the exculpatory statements made by the defendant. *Brown v. State, supra* at 269. This Court cannot reverse a judgment of the lower court unless it is shown that there was no legally sufficient evidence, or proper inferences therefrom, from which that court could find the accused guilty beyond a reasonable doubt. *Brown v. State, supra* at 269. From the facts of this case the trial court could have drawn the inference of guilt beyond a reasonable doubt; and we cannot say that the lower court was clearly erroneous. Maryland Rule 1086.

*Judgment affirmed.*