**Mark SOET, Plaintiff and Appellee,**

**v.**

**STATE of South Dakota, Defendant and Appellant.**

**No. 14946.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 21, 1985.

Decided Feb. 5, 1986.

Mark Soet, Rifle, Colorado, pro se.

Jon R. Erickson, Asst. Atty. Gen., Pierre, for defendant and appellant; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

HENDERSON, Justice.

## ACTION

This is an appeal by the State of South Dakota (State) from an order requiring it to return a motorcycle engine to Mark Soet (Soet) and requiring the South Dakota Department of Commerce and Regulation to assign and affix an identification number thereto. We affirm.

## FACTS

In 1979, Soet purchased a 1952 Harley-Davidson motorcycle from James Gunthman in Jefferson, Texas. Thereafter, Soet properly titled and registered the motorcycle in Texas (1979), in Colorado (1981), and in Ohio (1983). Each time the motorcycle was titled and registered, the vehicle identification numbers were inspected by the proper state authorities.

On August 9, 1983, while operating the motorcycle in Lawrence County, South Dakota, Soet was arrested, inter alia, for DWI. In connection with this arrest, a case report was made out by the South Dakota Highway Patrol indicating the possession of a motor vehicle with altered serial numbers in violation of SDCL 32-4-10. This case report did not indicate that the engine had been stolen. Soet was never charged with an SDCL 32-4-10 offense and he made no court appearance in connection therewith. It appears that South Dakota Highway Patrolman Charles Hofman determined that the vehicle identification number on the engine had been altered. Patrolman Hofman, however, was unable to de-

termine whether or not the number on the engine was the original vehicle identification number or not.

Upon his release from custody, Soet was permitted to retain his motorcycle minus the engine. After numerous inquiries and attempts to regain possession, Soet filed an Application for Return of Seized Property. A hearing was held on said application on March 21, 1985. At this hearing, Soet testified to the facts above and also testified that he did not alter the engine's vehicle identification number; that he did not know that the number had been altered; that there had been no replacements on the engine; and that when he purchased the motorcycle and engine, he was not aware of any evidence of grinding. Patrolman Hofman also testified, as stated above, that he was unable to determine whether the number presently on the engine was the original vehicle identification number or not. Patrolman Hofman further testified that he filed a report with the State's Attorney, but no prosecution was "brought because of the part of the law requiring knowingly possessed. The State's Attorney did not feel there was evidence to show that he knowingly possessed it."

Based on the testimony and evidence presented, the trial court ordered the return of Soet's motorcycle engine and the assignment and affixation of an identification number by the South Dakota Department of Commerce and Regulation.* In its oral pronouncement from the bench, the trial court acknowledged the statutory requirements of knowing possession; that the State failed to establish Soet's knowledge of any alteration; and that SDCL 32-4-10 permitted the return of the property upon establishment of ownership and assignment of an identification number. From the written order, the State now appeals. Soet has not filed a brief in opposition to the State's appeal.

## DECISION

In its brief, the State raises two issues for this Court's resolution. The first is whether Soet's knowledge is material to this case, and the second is whether the evidence produced at the hearing reflected Soet's ownership of the motorcycle engine. We answer both issues affirmatively.

SDCL 32-4-10 provides:

No person may *knowingly* buy, sell, offer for sale, receive or have in his possession, any titled motor vehicle or trailer or component part thereof, from which the original manufacturer's vehicle identification number or serial number has been removed, defaced, altered, obscured or destroyed unless the vehicle or component part has an identification number attached to it, assigned or approved by the department of commerce and regulation under the provisions of § 32-3-22 or authorized agency of another state in lieu of the manufacturer's number.

If such vehicle or component part comes into the custody of a peace officer *it shall be forfeited under the procedure established in § 32-4-14.* Nothing in this section may, however, preclude the return of the vehicle or parts to the lawful owner following presentation of satisfactory evidence of ownership and assignment of an identification number by the department. (Emphasis supplied.)

In order for the State to obtain an SDCL 32-4-10 conviction, it must prove (1) that a person bought, sold, offered for sale, received or possessed; (2) a titled motor vehicle, trailer, or component part thereof, from which the original manufacturer's vehicle identification or serial number has been removed, defaced, altered, obscured or destroyed; and (3) that the purchase, sale, offering for sale, receipt or possession

---

* We note that Sections 17 and 18 of the 1985 South Dakota Session Laws ch. 399 (Executive Order 85-1) transferred the functions of the Department and Secretary of Commerce and Regulation under SDCL ch. 32-3 to the Department and Secretary of Revenue. Since the functions of the Department and Secretary of Commerce and Regulation under SDCL ch. 32-4 are dependent on the functions under SDCL ch. 32-3, the functions under SDCL ch. 32-4 have also been deemed transferred to the Department and Secretary of Revenue. *See* SDCL 1-47-5.

was with the knowledge of the removed, defaced, altered, obscured or destroyed identification number. *Spears v. State,* 38 Md.App. 700, 706–07, 382 A.2d 616, 619–20 (1978). SDCL 32–4–14, however, states in part: *"Upon the conviction* of any person or entity, all items seized shall be forfeited to the state in a manner consistent with §§ 34–20B–85 to 34–20B–88, inclusive." (Emphasis supplied.) SDCL 34–20B–85 further provides that the Attorney General shall file a summons and complaint for the forfeiture of the property and that the complaint shall describe the property and its location and custodian, state each owner and each party in interest, and allege the essential elements of the violation.

■ We interpret these statutes as requiring a conviction under SDCL 32–4–10, the filing of the required summons and complaint, and forfeiture proceedings consistent with SDCL 34–20B–85 through SDCL 34–20B–88 before such property can be forfeited. To receive a conviction under SDCL 32–4–10, however, the person's knowledge must be established. Thus, knowledge is relevant to such forfeitures.

■ In the present case, however, Soet was never charged with an SDCL 32–4–10 offense, made no court appearance in connection therewith, and was never convicted of such a violation. Nor does the record reveal the filing of any forfeiture complaint or the implementation of forfeiture procedures under SDCL 34–20B–85 through SDCL 34–20B–88 or under SDCL 21–28–20. After seizing Soet's motorcycle engine, the State simply kept Soet's property and left him to whatever legal remedies he might pursue. Having failed to procure a conviction for violating SDCL 32–4–10, however, the engine could not be forfeited under the mandate of SDCL 32–4–14.

■ The State contends, however, that the motorcycle engine is contraband per se, and since Soet is prohibited by SDCL 32–4–10 from possessing it, it could not be returned to him. SDCL 23A–37–8(1). We disagree for three reasons. First, contraband per se is an object the mere "possession of which, without more, constitutes a crime." *One 1958 Plymouth Sedan v. Pennsylvania,* 380 U.S. 693, 699, 85 S.Ct. 1246, 1250, 14 L.Ed.2d 170, 174 (1965) (footnote omitted). Under SDCL 32–4–10, however, mere possession of an engine with altered serial numbers does not constitute a crime. As stated above, it is the possession of such an item with the knowledge that it is altered that is made a criminal offense. Thus, it cannot be said that Soet's engine constitutes contraband per se. Second, motorcycle parts are not contraband per se unless there has been a judicial determination that the manufacturer's serial number has been altered. *Davis v. Fowler,* 504 F.Supp. 502, 505 (D.Md.1980). In this case, however, there has been no judicial determination that the engine was altered. Finding of Fact VII, which the State alleges to be a judicial determination of alteration, only found that Patrolman Hofman determined the vehicle identification number had been altered and that Patrolman Hofman did not know whether the engine's present number was the original or not. We cannot interpret this to be a judicial determination of alteration. Third, the last sentence of SDCL 32–4–10 states: "Nothing in this section may, however, preclude the return of the vehicle or parts to the lawful owner following presentation of satisfactory evidence of ownership and assignment of an identification number by the department." Thus, even assuming the engine to be contraband per se, the trial court was not precluded from returning the engine to Soet after presentation of evidence of ownership and assignment of an identification number.

■ The State's second contention is that Soet failed to establish his ownership of the motorcycle engine because mere possession of a title is not enough proof of ownership. At the hearing on Soet's Application for Return of Seized Property, Soet established that he bought the complete motorcycle in 1979 and has had it and its engine properly titled and registered in his name in three subsequent states of residence and that it was inspected by those state authorities. Soet also testified that

the engine is the one he purchased on the motorcycle and it has not been replaced. *No evidence rebutting or questioning Soet's ownership was presented.* The trial court determined Soet to be the engine's lawful owner and based on a review of the record herein, we are not left with a definite and firm conviction that a mistake has been made.

Therefore, we affirm.

MORGAN and WUEST, JJ., and HERTZ, Circuit Judge, Acting as Supreme Court Justice, concur.

FOSHEIM, C.J., concurs in result.

FOSHEIM, Chief Justice (concurring in result).

I agree with the majority that the motorcycle engine was properly returned to Soet. However, I reach that conclusion from a simplified rationale.

The motorcycle engine was impounded to be forfeited under SDCL 32-4-10 because a law enforcement officer suspected that Soet had altered the vehicle identification (VID) number in violation of SDCL 32-4-9 or knowingly possessed a vehicle or part with an altered or removed VID in violation of SDCL 32-4-10. Charges were not brought against Soet under these statutes and he sought return of the property. Following a hearing, the trial court ordered that the engine be assigned and affixed a new VID number and then returned to Soet.

The majority emphasizes, as apparently did the trial court, the fact that State failed to establish Soet's knowledge of any alteration. I find, however, that the key questions, as provided by SDCL 23A-37-8 are: (1) was Soet the lawful owner of the property, and (2) was he prohibited by law from possessing such property. The "forfeiture" provisions of SDCL ch. 32-4 were no longer applicable once charges were not filed against Soet. *See* SDCL 32-4-14. Consequently, the motorcycle engine is properly deemed "seized" property under SDCL ch. 23A-37 rather than "forfeited" property under SDCL ch. 32-4.

Under SDCL 23A-37-8, Soet was entitled to have the property returned to him if he was not prohibited by law from possessing it and if it was not needed as evidence in a judicial proceeding. We have held that seizure of property from someone is prima facie evidence of that persons entitlement and unless there are serious reasons to doubt a person's right to property seized from him, he need not come forward with additional evidence of ownership. *State v. Ell*, 338 N.W.2d 845, 846-47 (S.D.1983). Consequently, seizure of the motorcycle engine from Soet constituted prima facie evidence of his ownership. Since State failed to go forward with evidence to the contrary, the trial court properly found that Soet owned the engine. The second question for return of seized property under SDCL 23A-37-8 is whether Soet would be prohibited by law from possessing the seized engine. That is answered by the trial court's order that a new VID number is to be issued and placed on the engine. Thus, upon return of the engine, Soet would not be in violation of SDCL 32-4-10, which prohibits known possession of a vehicle part with an altered VID.

Since the trial court found that Soet was the owner of the motorcycle engine and since a proper VID number was to be provided, a return of the engine to Soet under SDCL 23A-37-8 was properly ordered.